UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JACLYN KRATZER and ACCESS NOW, INC.
a Florida not for profit corporation,

    Plaintiffs,

vs.                                         CASE NO:

BURGER KING CORPORATION.
a Foreign Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, JACLYN KRATZER and ACCESS NOW, INC. ("Plaintiffs"), through their undersigned counsel, hereby file this Complaint and sue BURGER KING CORPORATION, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 et.seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

### JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 et. seq. (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §§1331 and 1343.

2.    Venue is proper in this Court, Philadelphia Division pursuant to 28 U.S.C. §

1391(B) and Local Rules of the United States District Court for the Eastern District of Pennsylvania.

3. Plaintiff, JACLYN KRATZER (hereinafter referred to as "MS. KRATZER") is a resident of the State of Pennsylvania and is a qualified individual with a disability under the ADA. MS. KRATZER suffers from what constitutes a "qualified disability" under the ADA and all other applicable Federal statutes and regulations. Prior to instituting the instant action, MS. KRATZER visited the Defendant's premises both personally and on behalf ACCESS NOW, INC., and was denied full, safe and equal access to the Defendant's premises due to the barriers to access which exist and its lack of compliance with the ADA. MS. KRATZER intends to and continues to desire to visit the Defendant's premises but continues to be denied full, safe and equal access due to the violations which continue to exist.

4. Plaintiff, ACCESS NOW, INC., (hereinafter referred to as "ACCESS NOW") is a non-profit corporation organized and existing under the laws of the State of Florida ("Association"). The Association's members consist of both qualified individuals (including but not limited to mobility impaired, hearing impaired and sight impaired) with disabilities under and as defined by the ADA and the able-bodied. MS. KRATZER is a member of ACCESS NOW. ACCESS NOW is engaged, _inter alia_, in seeking compliance with the ADA, educational efforts to correct violations when found, and when necessary and appropriate, litigation to require persons and entities in violation of the ADA to comply with the Act. One of the primary purposes of the

Association is to represent its members to assure that public spaces and commercial premises are accessible to and useable by its members, to assure its members that they will not be excluded from participation in or be denied the benefits of the services, programs or activities of public accommodations, and to assure its members that they are not discriminated against because of their disabilities. Prior to filing this complaint, members of ACCESS NOW visited the Defendant's premises and were denied full, safe and equal access thereto due to the barriers to access which exist. The Association and its members, including, but not limited to MS. KRATZER, has suffered direct and indirect injuries as a result of the Defendant's actions or inactions described herein. ACCESS NOW and its members continue to be discriminated against due to the Defendant's continued lack of compliance and their continued desire to visit the Defendant's premises. The Association also has been discriminated against because of its association with its members and their claims.

5. The Defendant, BURGER KING CORPORATION (hereinafter referred to as "BURGER KING") is a foreign corporation which is authorized to conduct and which is conducting business in the State of Pennsylvania. Upon information and belief, BURGER KING is the owner and/or operator of the real properties and improvements which is the subject of this action, to wit: the BURGER KING RESTAURANT located at 5TH St. Highway and Bellvue Avenue, Reading, PA 19605, (hereinafter referred to as the "RESTAURANT").

6. All events giving rise to this lawsuit occurred in the Eastern District of

Pennsylvania in Berks County.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

7. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(A).

8. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the establishment owned and operated by BURGER KING is a place of public accommodation in that it is a restaurant, which provides which provides goods and services to the public.

9. Defendant, BURGER KING has discriminated, and continues to discriminate against the Plaintiffs, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the RESTAURANT in derogation of 42 U.S.C. § 12101 et. seq.

10. The Plaintiffs have been unable to and continue to be unable to enjoy access to, and the benefits of the services offered at the RESTAURANT. Prior to the filing of this lawsuit, the Plaintiffs visited the RESTAURANT and were denied access to the benefits, accommodations and services of the Defendant's services and therefore suffered an injury in fact. In addition, the Plaintiffs intend to and continue to desire to visit the RESTAURANT, but continue to be injured in that they are unable to and continue to be discriminated against due to the architectural

Pennsylvania in Berks County.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

7. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(A).

8. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the establishment owned and operated by BURGER KING is a place of public accommodation in that it is a restaurant, which provides which provides goods and services to the public.

9. Defendant, BURGER KING has discriminated, and continues to discriminate against the Plaintiffs, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the RESTAURANT in derogation of 42 U.S.C. § 12101 et. seq.

10. The Plaintiffs have been unable to and continue to be unable to enjoy access to, and the benefits of the services offered at the RESTAURANT. Prior to the filing of this lawsuit, the Plaintiffs visited the RESTAURANT and were denied access to the benefits, accommodations and services of the Defendant's services and therefore suffered an injury in fact. In addition, the Plaintiffs intend to and continue to desire to visit the RESTAURANT, but continue to be injured in that they are unable to and continue to be discriminated against due to the architectural

barriers which remain at the RESTAURANT in violation of the ADA. MS. KRATZER and other members of ACCESS NOW, INC. have now and continue to have reasonable grounds for believing that they have been and will be discriminated against because of the Defendant's deliberate and knowing violations of the ADA.

11. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

12. BURGER KING is in violation of 42 U.S.C. § 12181 <u>et. seq.</u> and 28 C.F.R. § 36.302 <u>et. seq.</u>, and is discriminating against the Plaintiffs as a result of <u>inter alia</u>, the following specific barriers to access:

    i. The "accessible" parking spaces are located on a severe cross slope;
    ii. The curb-cut from the parking lot to the sidewalk is too steep;
    iii. There is no level landing provided in front of the entrance to the Restaurant;
    iv. There is insufficient knee clearance underneath the common lavatory in the rest room;
    v. The mirror is mounted too high in the toilet rooms;
    vi. The dispensers protrude into the path of travel in the toilet rooms;
    vii. The toilet paper dispensers are mounted too high and block use of the side grab bars;
    viii. There is insufficient clear floor space in the "accessible" toilet stalls;
    ix. The flush valve on the toilet is located on the narrow side of the "accessible" toilet stall;
    x. There is not compliant or accessible signage provided at the toilet rooms;
    xi. The service counter is too high;
    xii. There is no "accessible" seating in the RESTAURANT
    xiii. There is not an accessible route provide throughout and between the

accessible elements of the RESTAURANT.

13. There are other current violations of the ADA at the RESTAURANT owned and operated by BURGER KING which are not specifically identified herein as the Plaintiffs are not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, § 36.501 and, as such, only once a full inspection is performed by Plaintiffs or Plaintiffs' representatives can all said violations be identified.

14. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Pursuant to the ADA, 42 U.S.C. § 12101 et. seq., and 28 C.F.R. § 36.304, BURGER KING was required to make its property, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, BURGER KING has failed to comply with this mandate.

16. The Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiffs are entitled to have its reasonable attorney's fees, costs and expenses paid by BURGER KING pursuant to 42 U.S.C. § 12205.

17. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiffs' injunctive relief, including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA,

and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiffs demand judgment against BURGER KING and request the following injunctive and declaratory relief:

    A.    That the Court declare that the property owned and administered by BURGER KING is violative of the ADA;

    B.    That the Court enter an Order directing BURGER KING, to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing BURGER KING to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiffs; and

    E.    That the Court award such other and further relief as it deems

necessary, just and proper.

Dated this _____ day of July, 2003.

                        Respectfully submitted,

By: _____
Michael A. Green, Esquire
Pennsylvania Bar No. 73450
Law Offices of Michael A. Green
1819 John F. Kennedy Boulevard, Suite 400
Philadelphia, PA 19103
Telephone:    (215) 972-5520
Facsimile:    (215) 972-8777

By:_____
Joel Zuckerman, Esquire
Maryland Bar No. 012730
Schwartz Zweben & Associates, LLP
103 N. Adams St.
Rockville, MD 20852
Telephone:  (301) 294-6868
Fax:            (301) 294-6480

-8-